**Helen LEE and Paula Barker, Plaintiffs,**

v.

**CONSOLIDATED SCHOOL DISTRICT NO. 4, et al., Defendants.**

**No. 80–0558–CV–W–6.**

United States District Court, W. D. Missouri, W. D.

March 22, 1982.

---

George E. Kapke, Cochran, Kramer, Kapke & Willerth, Independence, Mo., for plaintiffs.

Edward W. Mullen, Deacy & Deacy, Kansas City, Mo., Donald C. Earnshaw, Lee's Summit, Mo., for defendants.

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT IN FAVOR OF DEFENDANTS**

SACHS, District Judge.

The jury in this § 1983 case has brought in a verdict in favor of defendants, rejecting the claim that the reason plaintiffs' teaching contracts were not renewed was motivated at least in part by their exercise of First Amendment rights of free speech and association (teachers' organization activities).[1] The Court retains under advisement plaintiffs' claim for equitable relief by way of reinstatement, plaintiffs' claim for attorneys fees, and a claim for fees by at least one defendant.

The Court has serious reservations about the soundness of the verdict. Trial error has not been asserted, however, and the time for a motion has passed. The initial question is whether "the court is entitled to disagree with the jury". *Solar Kinetics Corp. v. Joseph T. Ryerson & Son, Inc.,* 488 F.Supp. 1237, 1243 (D.Conn.1980). The answer appears to be "no". Ibid., *Aiello v. City of Wilmington,* 470 F.Supp. 414 (D.Del. 1979), affirmed, 623 F.2d 845 (3rd Cir. 1980); *Johnson v. University of Bridgeport,* 20 FEP Cases 1766 (D.Conn.1979).[2]

In a comparable case, Judge Hunter of this Court referred to the estoppel-by-verdict issue as "difficult and elusive," and therefore made an independent analysis of the facts. *Barding v. Board of Curators of Lincoln University,* 497 F.Supp. 1013, 1015 (W.D.Mo.1980). Since the Court could not conscientiously analyze the evidence and reach the conclusion previously reached by the jury, no such analysis will be attempted here. An expression of difference of opinion would be "unseemly". *Solar Kinetics, supra,* at 1244.

It is therefore ORDERED that judgment on all remaining issues be entered in favor of defendants, with costs assessed against plaintiffs, noninclusive of attorneys' fees, which are disallowed.

---

1. The issues are set forth more fully in the Court's ruling denying plaintiff Lee a preliminary injunction. *Lee v. Consol. School Dist. No. 4, Grandview, Missouri,* 494 F.Supp. 987 (W.D.Mo.1980).

2. Where the issues decided by jury may differ from those presented to the Court, the verdict does not, of course, prevent further consideration of the facts by the Court. *Jackson v. Brotherhood of Railway Carmen,* 34 EPD ¶ 31,563 (S.D.Ga.1980). In the present case, however, a judicial ruling for plaintiffs would be simply inconsistent with the answers given by the jury to special verdict questions.